**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Alan Morris, | No. CV-18-08054-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") from the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus in this case, filed pursuant to 28 U.S.C. § 2254, be denied. (Doc. 14). Petitioner filed objections to portions of the R&R (Doc. 15), and Respondents replied to those objections (Doc. 16).

**I.    Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

[Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

## II. Discussion

Petitioner made 9 claims in the Petition. (Doc. 14 at 3-4). The R&R recommends that this Court deny relief on all claims. (*Id*. at 1). Petitioner objected to the R&R's recommendation on claims one and six. (Doc. 15). Respondents replied to those objections. (Doc. 16).

As discussed above, this Court need only review the portions of the R&R to which there is an objection. Therefore, the Court adopts the recommendation of the R&R on claims 2-5 and 7-9, and relief will be denied as to those claims.

### A. Claim 1

In claim 1, Petitioner alleges there was insufficient evidence to support his conviction. (Doc. 15 at 4). The R&R discusses the law governing claims of sufficiency of the evidence at pages 8-9. Neither party objected to this statement of the law, and the Court accepts it.

As recounted in the R&R, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Doc. 14 at 10 (quotation and citation omitted)). In his objections, Petitioner argues that his attorney

should have called an expert. (Doc. 15 at 4). However, Petitioner does not explain what the topic of the expert testimony would have been. (*Id.*). Further, Petitioner does not argue that the evidence presented was insufficient to convict him. (*Id.*). He instead argues that additional, hypothetical evidence might have produced a different result. (*Id.*). Such an argument fails to meet the test required, namely could the trier of fact have found Petitioner guilty beyond a reasonable doubt.

Thus, the objections do not change the R&R conclusion that the Arizona Court of Appeals decision that there was sufficient evidence to convict Petitioner was not contrary to or an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts. Accordingly, relief on this claim will be denied.

**B.     Claim 6**

In claim 6, Petitioner alleges his counsel was ineffective. (Doc. 14 at 11-12). Petitioner concedes that he did not present his theories of ineffective assistance of counsel to the state courts and that his claims are procedurally defaulted. (Doc. 15 at 2). However, Petitioner argues that his claims fall under the exception to exhaustion found in *Martinez v. Ryan*, 566 U.S. 1, 17 (2016). (*Id.*).

The R&R recounts the law governing the *Martinez* exception to exhaustion and neither party objects to this statement of the law. (Doc. 14 at 12). Accordingly, the Court adopts it. Specifically, the R&R notes:

> To demonstrate (a) cause and (b) prejudice sufficient to excuse the procedural default under *Martinez*, Petitioner must make two showings: to establish cause, he must show that post-conviction counsel was ineffective under the standards of *Strickland*; to establish prejudice, he must show that his underlying ineffective-assistance-of-trial-counsel claim is a substantial one. *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14) overruled on other grounds by *McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015).

(Doc. 14 at 12).

Petitioner argues his post-conviction relief counsel was ineffective in failing to argue his trial counsel was ineffective on two theories: 1) his trial counsel did not "impeach" the victim; and 2) his trial counsel did not call an expert witness. (Doc. 15 at 3).

Regarding the first claim, as Respondents note in their reply to the objections, the substance of all the evidence Petitioner claims his attorney did not elicit was admitted at trial. (Doc. 16 at 3). Thus, Respondents note that calling any additional witnesses to testify to the same facts would have been cumulative. (Doc. 16 at 3). Because this evidence was admitted at trial, the Court finds that Petitioner's first claim under *Martinez* is not substantial because his trial counsel was not ineffective.

Regarding the second claim, again Petitioner fails to show or even argue what evidence the expert would have presented. As the R&R notes, "'Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.' *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994)." (Doc. 14 at 12). In his objections, Petitioner does not elaborate on the substance of the expert's testimony or what bearing it would have had on his case. (Doc. 15 at 3-4). Thus, Petitioner has failed to establish that his ineffective assistance of trial counsel claim (for failing to call an expert) was substantial. Thus, post-conviction relief counsel's failure to raise this theory of ineffective assistance of trial counsel is not cause to overcome Petitioner's procedural default of this claim under *Martinez*.

**III. Conclusion**

Thus, having considered Petitioner's objections, the Court finds that Petitioner is not entitled to relief. Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 14) is accepted, the objections (Doc. 15) are overruled, the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the portions of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 12th day of March, 2019.

James A. Teilborg
Senior United States District Judge